## WILLIAM B. COFFIN et al., Executors, versus THE PHENIX INSURANCE COMPANY, of Nantucket.

Although it is the province of the jury to decide ultimately on questions of fact, yet it is within the province, and is sometimes the duty, of the court, to set aside a verdict as being contrary to the weight of evidence.

On the first trial of a cause, there may be reason to believe that the jury have fallen into some error in regard to the law, or the nature and force of the evidence, which they themselves would correct upon a careful revision ; or the parties and counsel may have set forth their respective grounds less definitely and clearly, and the court may have instructed the jury less fully and accurately, than after the cause has been revised by the whole Court and the grounds of law and the rules respecting the admission and application of the evidence deliberately considered, in reference to the particular case ; and under these circumstances it may sometimes be expedient to grant a second, and even a third trial.

But after the Court have aided the jury by full and precise instructions as to the principles of law applicable to the case, the burden of proof, the presumptions to be drawn from particular facts and circumstances, and the nature and application of the rules of evidence, and the question is one of fact about which different minds may honestly differ, it is the province of the jury ultimately and definitively to decide.

There are, however, cases where by the ordinary forms of proceeding the issue must go to the jury, but where it depends upon a few facts which are plainly proved and stand uncontradicted, and where the rules of law applicable to such facts are plain and well settled, and where therefore the verdict must obviously be found one way, or be manifestly wrong ; and in such a case, if the jury persist in finding a wrong verdict, it would be the duty of the Court to set it aside as often as it should be returned.

ASSUMPSIT on a policy of insurance, dated December 18, 1821, by which the defendants caused John Swain, the plaintiff's testator, to be insured $1500 on the ship Tarquin and outfits, from Nantucket, on a whale, seal and elephant voyage in the Pacific ocean and elsewhere, to, at and from all places she may necessarily go to in performing the voyage, and back to Nantucket. The voyage commenced in January 1822, when the Tarquin sailed from Nantucket. Having returned round Cape Horn, she touched at Pernambuco, and on her passage from that port for the United States, in March 1826, she foundered at sea and was abandoned by the crew. The defence was, that the vessel was unseaworthy.

The cause was tried a second time, at Nantucket, July term 1832, before *Putnam* J. The judge instructed the jury, in conformity with the opinion of the Court in the case of

*Paddock* v. *Franklin Insurance Company*, 11 Pick. 227
The jury found in favor of the plaintiffs ; and the defendants
moved for a new trial, on the ground that the verdict was
against the weight of the evidence. Before the opinion of
the Court on this motion was pronounced, six trials had been
had on the several policies on the Tarquin, in each of which
a verdict was returned in favor of her seaworthiness.

March 23a
1833.

C. P. *Curtis* supported the motion.

B. *Rand*, for the defendants

June 19th
1834.

SHAW C. J. delivered the opinion of the Court. The
principles upon which the Court proceed in this case, are
distinctly stated in the case of *Paddock* v. *The Franklin
Insurance Company ;* which was an action on a policy on the
same vessel.

The grounds of defence are,

1. That it is the duty of the owner of a vessel insured, to
keep her in a competent state of repair and equipment during
the voyage ; that if damage is sustained, so as to weaken and
endanger the vessel, it is his duty to repair it as speedily and
as effectually as he reasonably can, under the circumstances ;
that the master is the agent of the owner for this purpose, and
that, after meeting with such damage, if the ship arrives at a
place where supplies and repairs can be reasonably obtained,
and he sails without obtaining them, this is negligence and
failure of duty on the part of the owner, and if a loss happens
from that cause, or may be reasonably attributed to that cause,
it is one for which the underwriters are not responsible.

2. That the loss has arisen, not from any extraordinary
perils of the sea, but from the ordinary perils of the sea, the
action of the wind and waves, which would not have destroyed
or endangered a sound vessel, and therefore that the under-
writers are not responsible. Upon this poin' the burden of
proof is upon the plaintiffs, and they are bound to show affir-
matively, either by express proof or reasonable presumption,
that the loss was occasioned by some of the extraordinary
perils, for which assurers are by their contract responsible.

These are the grounds upon which, as it appears by the
judge's report, the case has been again tried. The questions
of fact upon the evidence were, whether the Tarquin had

become injured, decayed and weakened by long service, by wear and tear, exposure to worms and other causes of deterioration, prior to her arrival at Pernambuco, so that she was not then reasonably tight, staunch and strong, and in a condition of reasonable safety to complete her voyage to the United States without repairs ; and whether or not the vessel foundered at sea in moderate weather, without being exposed to any gale of wind, or other extraordinary stress of weather, by springing a leak from starting a butt, and whether this proceeded from weakness and internal decay ; or whether the leak was occasioned, *at the time*, by a sword-fish, by striking any floating object, or other unusual or extraordinary accident, or whether such accident had been previously sustained but the effects of it not disclosed, so as to be remedied before leaving a port where it might have been done.

The first ground obviously involves a material question, of the skill, fidelity, and due care and diligence, on the part of the master. This is a question, upon a complicated combination of circumstances, on which different minds may very naturally and very honestly differ. It being a question depending on skill and experience, it is one upon which the opinions of men of competent skill and experience in like subjects, upon the general state of facts disclosed, are, by the rules of law, competent evidence.

Since the first trial, we think the case for the plaintiffs has been somewhat strengthened by the introduction of several witnesses of considerable experience in navigation, especially in whaling voyages, who testify, that in their judgment, the Tarquin was not in such a condition of deterioration, on her arrival at Pernambuco, as to render it unsafe and improper for her to proceed on her voyage ; that although she had sustained heavy gales, and was leaky, still considering the length and course of the voyage, the season of the year, the condition into which she had been put before coming round Cape Horn, and the position in which the leak was known to be when she left the coast of Brazil, she was, in their opinion, in a reasonably safe and seaworthy condition to complete her voyage to the United States. This testimony however does not stand alone, but is met by the testimony of other ex-

25 *

Coffin
v.
Phenix Ins.
Co.

perienced navigators, who entertain a different opinion.   Still. however, the Court have no hesitation in saying, upon a revision of this evidence, strengthened a little, as we think it is, on the part of the plaintiffs, by the testimony newly introduced, that if it were for us to decide on the facts, we should be of opinion that the plaintiffs are not entitled to a verdict. We should be constrained to say, that this ship, on her arrival on the coast of Brazil, had been so strained and damaged and deteriorated by long service, stress of weather, and wear and tear, — that she so obviously manifested this, by her leaky condition, and the leak, though not in a very dangerous or inaccessible place, was so imperfectly and inartificially stopped by a composition of beef, oakum, and tar, — that she could not be considered in a reasonably safe condition to proceed to the United States ; and as it is not denied that repairs might have been obtained at Pernambuco, it did indicate negligence, or want of fidelity or skill, on the part of the master, in leaving that port, in the condition in which the ship then was.

We should also be constrained to say on the other point, upon which the plaintiffs must take the burden of proof, that the evidence had failed to satisfy us, that the loss arose from stress of weather, collision, or other extraordinary peril or accident, occurring at the time, or which had previously occurred, but which had not before been disclosed.   These are the results, to which we should be compelled to come, were it an open question of fact for the Court.

In refusing to grant the motion for a new trial, therefore, it is proper to state briefly the grounds upon which the Court proceed.

It is undoubtedly, by the theory of our forms of trial, the province of the jury to decide ultimately upon questions of fact ; but it is equally true, that it is within the province, and often the duty, of the Court, to set aside a verdict, where it appears to them to be contrary to the weight of evidence. On a first trial, there may be room to believe that the jury may have fallen into some error, in regard to the law, or in regard to the nature and force of the evidence, which they themselves would correct upon a careful revision.   So it may

happen, that on a first trial, when the cause is new to the counsel and the Court, the parties and counsel may set forth their respective grounds less definitely and clearly, and the Court may instruct less fully and accurately, than after the cause has been revised by the whole Court, and the grounds of law, and the rules respecting the admission and application of the evidence, deliberately considered, in reference to the particular case.   Under these circumstances, it may often be expedient to grant a second, and sometimes even a third trial. But after the Court have aided the jury by full and precise instructions, as to the principles of law applicable to the case, informed them in regard to the burden of proof, the presumptions to be drawn from particular facts and circumstances, and the nature and application of the rules of evidence, and the question is one of fact, about which different minds may honestly differ, it is the province of the jury ultimately and definitively to decide.   Upon them the constitution and the laws have placed the responsibility, and upon them it must rest.

This class of cases, however, is clearly distinguishable from another, in which the Court may be called upon to interpose its authority, in a more persevering manner, to prevent a judgment from being entered upon a verdict, plainly illegal. There are cases, where, by the ordinary forms of proceeding, the issue must go to the jury ; but where it depends upon a few facts, which are plainly proved, and stand uncontradicted, and where the rules of law applicable to such facts are plain and well settled, and where therefore the verdict must obviously be found one way, or be manifestly wrong.   As in a case of trover or breach of contract, in which the law has settled a rule of damages, and the evidence is uncontradicted. It depends upon computation upon certain data.   Still the assessment of damages is strictly within the province of the jury, and they must pass upon it.   Should the jury persist, either in refusing to find the proper damages, or in finding arbitrary or vindictive damages, under a supposed general power to assess damages, it would undoubtedly be the duty of the Court, to refuse to enter a judgment upon such a verdict, and to set it aside as often as it should be thus returned.

Of the same character, would be a verdict, upon a question

of notice to charge an indorser on a promissory note or bill of exchange. It is a question of fact, upon which a jury must pass ; and yet it depends upon a few definite particulars of proof, and a few well-settled and well-defined rules of law. In such case, it is easy for a court to pronounce definitely and satisfactorily, that a verdict is right, or that it is wrong. Of somewhat the same character was the recent case of *Bryant* v. *The Commonwealth Ins. Co.* 6 Pick. 131. By a conventional rule, in the law of insurance, now settled into a definite rule of law, it is held that a cargo shall be deemed to have suffered a constructive total loss, upon which the assured may abandon, where the vessel is wrecked and where the cargo cannot be sent on, to its destined port, but at a cost, exceeding half its value. Now what is the cost of sending a given cargo of merchandise, from one place in the Union to another, partly by land and partly by water, in a time of peace, when it is attended with no extraordinary hazard, was supposed by the Court, to be capable of definite proof, and to be determinable by computation from certain data, easily ascertained. When, therefore, the jury persisted in finding a constructive total loss, upon that ground, when, upon plain proof, the Court were of opinion that it could be shown by computation, that the costs of transportation, including all expenses, would demonstrably fall short of half the value of the merchandise, the Court decided, that such a verdict could not be supported, and that no judgment ought to be given upon it. But the case at bar, is one of a very different character. It depends upon a great variety of facts and some conflicting testimony. It involves questions of experience, skill, fidelity, and due diligence, as to the actual condition of the ship, and the reasonableness of proceeding, or the necessity of repairs. The credit due to different witnesses, and more especially the weight due to the opinions of witnesses, who speak to the point of reasonableness, are questions peculiarly fit for the consideration and decision of a jury. Some or other of these cases have been submitted to five or six juries, with the same result. It is under these circumstances, the Court are all of opinion, that the motion for a new trial cannot prevail.